NO. 07-09-0099-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
_____

VICTOR D. WALLACE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-418,755; HONORABLE JIM BOB DARNELL, JUDGE
_____

**ABATEMENT AND REMAND**

Following a jury trial, appellant, Victor D. Wallace, was convicted of indecency with a child. Punishment was assessed at confinement for a period of sixty years. The clerk's record was filed on May 12, 2009 and the reporter's record was filed on June 30, 2009. Appellant's counsel requested and received two extensions of time, making the appellate brief due to be filed on September 30, 2009. No brief was filed by that deadline.

By letter dated October 8, 2009, this Court notified appellant's appointed counsel, Maxwell C. Peck, III, the brief was past due, and explained that failure to file the brief by October 19, 2009, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* Tex. R. App. P. 38.8(b)(2) and (3). To date, the brief remains unfiled.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal; and

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeals. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and

2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 30, 2009. Should additional time be needed to perform these tasks, the trial court may request same on or before November 30, 2009.

It is so ordered.

Per Curiam

Do not publish.

3